UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAVION APLES, ET AL.                                    CIVIL ACTION

VERSUS                                                  NO. 20-2451

ADMINISTRATORS OF THE TULANE                            SECTION D (3)
EDUCATIONAL TRUST, ET AL.

### ORDER AND REASONS

Before the Court is Sodexo, Inc.'s Motion for Attorneys' Fees[1] and Tulane Defendants' Motion to Fix Fees.[2] Neither Motion is Opposed.[3] The Court grants Tulane Defendants' Motion and grants Sodexo, Inc.'s Motion in part, as described herein.

Both Sodexo and Tulane Defendants previously moved to dismiss this matter under Federal Rule 12(b)(5).[4] Defendants argued that Plaintiffs had failed to timely serve them in accordance with the Federal Rules. The Court found that Plaintiffs' counsel had intentionally delayed service.[5] However, because Plaintiffs' claims would

---

[1] R. Doc. 22.
[2] R. Doc. 39. The Tulane Defendants include The Administrators of the Tulane Educational Fund d/b/a Tulane University; Kirk Bouyelas in his official capacity as Chief of Police for Tulane Police Department; Lieutenant Denis Serena, individually and officially; Detective David Harris, individually and officially; Sergeant Brian Dew, individually and officially; Officer Joseph Elfer, individually and officially; and Officer Matthew Winchester, individually and officially.
[3] The Court expressly gave Plaintiffs' counsel an opportunity to respond to these Motions. *See* R. Doc. 37 at 19. Plaintiffs' counsel did not do so.
[4] R. Doc. 22 (Tulane Defendants); R. Doc. 29 (Sodexo). Sodexo's Motion also sought dismissal under Rule 12(b)(6).
[5] *See* R. Doc. 37 at 15-17.

be time-barred had the Court dismissed Plaintiffs' Complaint under Rule 12(b)(5), the Court found a lesser sanction appropriate. Specifically, the Court ordered payment of the attorneys' fees that Defendants had incurred in briefing their Motions to Dismiss under Rule 12(b)(5).[6] Defendants' instant Motions seek those fees. Tulane Defendants seek $4,391.00 in attorneys' fees.[7] Sodexo seeks $10,000.00 in attorneys' fees.[8]

A Court has broad discretion in fashioning a reasonable attorney's fee and is reviewable only for abuse of discretion, and therefore will not be reversed if there is strong evidence that the award is excessive or inadequate, or that the amount chosen is clearly erroneous.[9] In order to determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, and must determine whether the hourly rate is reasonable and whether the tasks reported by counsel seeking the award are duplicative or unnecessary.[10]

To assess the reasonableness of an attorney's fees award, the Court must first determine the "lodestar," which is reached by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[11] Here, the Court finds that Tulane Defendants' counsels' rates and hours expended are reasonable. Tulane Defendants' counsel has provided an affidavit outlining the

---

[6] *Id.* at 18-19.
[7] R. Doc. 39.
[8] R. Doc. 38.
[9] *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).
[10] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders and Contractors of La. v. Orleans Parish School Bd.*, 919 F.3d 374, 379 (5th Cir. 1990).
[11] *Hensley*, 461 U.S. at 433; *see also Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002).

rates of the attorneys involved in this matter (ranging from $325 to $300) and listing 18.2 hours of total work on the Motion to Dismiss.  In light of the experience of the attorneys and the quality of the Motion to Dismiss, the Court finds that the $4,391.00 sought by Tulane Defendants is an appropriate lodestar.  The Court further finds that the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*[12] do not require an adjustment upward or downward.

Sodexo seeks $10,000 in attorneys' fees.  As with the Tulane Defendants, Sodexo includes an affidavit outlining the rates of attorneys involved and hours worked.  The Court finds the rates charged by Sodexo's attorneys, which range from $195 to $225, reasonable.  The remaining question is whether a reasonable number of hours were expended by Sodexo's counsel in litigating the Motion to Dismiss under Rule 12(b)(5).[13]  The Court appreciates that various entries have been "no charged" and that Sodexo's counsel has endeavored to seek only those fees which relate to the portion of the Motion to Dismiss that dealt with Rule 12(b)(5), not the portion seeking dismissal under Rule 12(b)(6).  Still, Sodexo seeks attorneys' fees for 54.2 hours of work.  The Court does not find that this number of hours (much less the 72.8 hours Sodexo's counsel contends were actually spent on the Motion before "no charging" fees) is appropriate, particularly when compared to the 18.2 hours work in which Tulane Defendants' attorneys briefed a related Motion of similar quality.  The Court further notes that Tulane Defendants' Motion was filed three weeks prior to the

---

[12] 488 F.2d 714 (5th Cir. 1974).
[13] The Court's Order awarding attorneys' fees included: "Sodexo should endeavor to only seek the portion of the attorneys' fees attributable to the portion of its Motion under Rule 12(b)(5), not the portion of its Motion under 12(b)(6)." *See* R. Doc. 37.

Motion filed by Sodexo, and Sodexo had the benefit of reviewing both that Motion and Plaintiffs' Opposition when drafting its Motion.[14] The Court will therefore apply a reduction of the number of hours for which Sodexo seeks attorneys' fees to 18.2 hours, which is the number of hours expended by Tulane's counsel on a Motion of similar quality. This number of hours, multiplied by the $195.00 that Sodexo's counsel charged per hour,[15] results in a lodestar of $3,549.00. The Court further finds that the *Johnson* factors do not require an adjustment upward or downward from this lodestar.

Finally, the Court notes that the attorneys' fees sanction is to be paid by Plaintiffs' counsel, not Plaintiffs. Plaintiffs' counsel was responsible for serving Defendants in a timely manner and did not do so. The Court has no reason to believe that Plaintiffs instructed counsel to delay service or were responsible for the delay. The Court therefore finds the sanction is most appropriately paid by counsel, rather than by Plaintiffs themselves. Accordingly,

---

[14] *Compare* R. Doc. 22 (Tulane Defendants' Motion, filed February 5, 2021), *and* R. Doc. 23 (Plaintiffs' Opposition to Tulane Defendants' Motion, filed February 15, 2021), *with* R. Doc. 29 (Sodexo's Motion to Dismiss, filed February 24, 2021).

[15] Sodexo's counsel lists two attorneys, one who charged $195.00 an hour (Ms. Dunford) and one who charged $225.00 an hour (Ms. Lorio). The attorney who charged $225.00 an hour was "no charged" for all of her work. Accordingly, the Court multiples the 18.2 hours it finds appropriate by the $195.00 rate for Ms. Dunford.

**IT IS HEREBY ORDERED** that Tulane Defendants' Motion is **GRANTED**, and that Sodexo's Motion is **GRANTED IN PART**. **IT IS FURTHER ORDERED** that a sanction of $7940.00 is levied on Plaintiffs' counsel, $4,391.00 to be paid to Tulane Defendants, and $3,549.00 to be paid to Sodexo.

New Orleans, Louisiana, April 20, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**