UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAIVON APLES, ET AL | CIVIL ACTION |
| VERSUS | NO. 20-2451 |
| ADMINISTRATORS OF THE TULANE EDUCATIONAL TRUST, ET AL | SECTION D (3) |

**ORDER AND REASONS**

Before the Court is Plaintiffs, Taivon Aples, individually and with Alneshia Polite on behalf of their minor son, T.A., Jr.'s Motion to Stay.[1] Defendants[2] have filed an Opposition.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

**I.    FACTUAL BACKGROUND**

This action concerns a September 6, 2019 incident on the campus of Tulane University where Plaintiff Taivon Aples alleges that the Tulane Police exercised excessive force when an officer shot Plaintiff while effecting his arrest.[4] The arrest itself was effected pursuant to a report received by the Tulane Police Department

---

[1] R. Doc. 86. The Court recognizes that the pending Motion to Stay was filed after the pre-trial motion deadline of October 19, 2021. However, given the impact these separate proceedings have had on Plaintiff's Fifth Amendment Rights and consequently on discovery in this case, the Court will consider this Motion, although untimely. The Court has also allowed Defendants an opportunity to respond, which they have done. *See* R. Doc. 95.

[2] "Defendants" refers collectively to The Administrators of the Tulane Educational Fund d/b/a Tulane University; Kirk Bouyelas in his official capacity as Chief of Police for Tulane Police Department; Lieutenant Denis Serena, individually and officially; Detective David Harris, individually and officially; Sergeant Brian Dew, individually and officially; Officer Joseph Elfer, individually and officially; and Officer Matthew Winchester, individually and officially

[3] R. Doc. 95.

[4] R. Doc. 1.

("TUPD") that, on August 23, 2019, Plaintiff allegedly masturbated in front of an employee of Sodexo, Inc. at Tulane's student union.[5]

Separate from this civil proceeding, Plaintiff has been charged by Bill of Information in Orleans Parish Criminal District Court with obscenity, simple assault, resisting a police officer with force, and aggravated assault with a vehicle upon a peace officer, all related to the alleged public masturbation and subsequent attempted arrest by TUPD at issue in this present dispute.[6] The criminal case against Plaintiff currently remains pending.

Plaintiffs have filed a Motion to Stay, arguing that the parallel criminal proceeding is intertwined with this civil case and threatens Plaintiff's Fifth Amendment right to remain silent.[7]

Defendants have filed a Response.[8] Defendants argue that this case, along with the parallel criminal case, has been pending for over a year and that Plaintiffs have neglected to file any Motion to Stay until now.[9] Defendants argue that Plaintiffs previously informed the Court that the parallel criminal proceedings involving Plaintiff have "zero bearing on the instant litigation" and that Plaintiff's criminal charges are not "relevant in any way to this litigation."[10] Defendants also note that

---

[5] *Id.*
[6] R. Doc. 86-3.
[7] R. Doc. 86.
[8] R. Doc. 95.
[9] *Id.*
[10] *Id.* The Court notes that this statement by Plaintiffs was made in its Response to Defendants' Motion to Dismiss (R. Doc. 23) and was primarily made in response to Defendants' allegation of untimely service. Further, the Court notes that as this case has progressed through discovery, the issue of the parallel criminal proceeding and Fifth Amendment privilege has risen to the forefront.

the deadline to file such a motion has passed and that they would suffer undue prejudice if this case were stayed.[11]

## II. LEGAL STANDARD

Courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[12] "It is well recognized that a district court 'may stay a civil proceeding during the pendency of a parallel criminal proceeding.'"[13] Further, "a district court may sometimes stay a civil action 'until the criminal case or the likelihood of a criminal case is ended.'"[14] "[W]here an arrestee brings a civil rights lawsuit challenging the validity of the conduct of state actors relating this arrest, courts 'may – and indeed – should stay proceedings in … section 1983 case[s] until

---

[11] *Id.*
[12] *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (citing *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S. D. Tex. 2009); *Lebouef v. Global X-Ray and Testing Corp.*, Civ. A. No. 07-5755, 2008 WL 239752 (E.D. La. Jan. 29, 2008)); *Dolan v. Parish of St. Tammany,* Civ. A. No. 12-2911, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).
[13] *Tajonera,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *8 (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)).
[14] *Tajonera,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *8 (quoting *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007)).

the pending criminal case has run its course[.]'"[15] The burden rests on the movant to show that special circumstances exist that warrant a stay.[16]

## III. ANALYSIS

The Court finds that the application of these six factors to the instant case supports a stay.

First, the criminal case against Plaintiff pending in Orleans Parish Criminal District Court and this civil case are directly intertwined. Plaintiff's criminal charges directly arise from the incident at issue in this case. Specifically, Plaintiff is facing criminal charges of obscenity, simple assault, resisting a police officer with force, and aggravated assault with a vehicle upon a peace officer.[17] Here, Plaintiff is suing the Defendants regarding their alleged use of force while arresting him. Plaintiff's actions during TUPD's attempted arrest on September 6, 2019, along with the TUPD officers' actions, are disputed in both the civil and criminal proceeding against Plaintiff.

In addition, Plaintiff has now invoked his Fifth Amendment right to remain silent throughout these proceedings and the discovery process. During Plaintiff's deposition, he was asked a series of questions regarding both the facts and circumstances as well as his recollection of events on not only the date which he allegedly committed obscenity and simple assault but also regarding both the facts and circumstances as well as his recollection of events on the date he allegedly

---

[15] *Jason v. Leblanc*, No. 19-13800, 2020 WL 5877882, at *2 (E.D. La. Oct. 2, 2020) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).
[16] *See Sec. & Exch. Comm'n v. First Financial Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice.") (citations omitted).
[17] *See* R. Doc. 86-2.

committed resisting a police officer with force and aggravated assault with a vehicle upon a peace officer.[18] Invoking his Fifth Amendment privilege, Plaintiff refused to answer the questions.[19] At trial, Defendant will undoubtedly seek to compel Plaintiff to answer those questions under oath or have him prevented from testifying to the same. Further, in order to meet his burden of proof when presenting his own case in chief, Plaintiff will have to testify regarding the incident that occurred on September 6, 2019. Where a civil and criminal proceeding are based on the same set of facts, to the extent a party provides information in the former, it can be used as highly probative and unfairly prejudicial information in the latter.[20] Here, because the facts of the civil and criminal case are intertwined, this factor falls in favor of granting Plaintiffs' Motion to Stay.

Second, Plaintiff has been charged by a Bill of Information in Orleans Parish Criminal District Court with obscenity, simple assault, resisting a police officer with force, and aggravated assault with a vehicle upon a peace officer.[21] At least two of these criminal charges (resisting a police officer with force and aggravated assault with a vehicle upon a peace officer) arise from the incident in dispute in this civil proceeding. The remaining charges (obscenity and simple assault) arise from an incident that predicated and formed the basis for the arrest and subsequent alleged use of excessive force in dispute in this civil case. Plaintiff's criminal case has since been delayed on several occasions, largely due to the criminal court being closed

---

[18] *Id.*
[19] *Id.*
[20] *Lodge v. Boyd*, No. 11–1257, 2011 WL 4727863, at *2 (E.D. La. Oct. 6, 2011).
[21] R. Doc. 86-3.

during the COVID pandemic. Subsequently, a Pre-Trial Conference was held on November 15, 2021.[22] Thus, this factor, too, falls in favor of granting Plaintiffs' Motion to Stay.

Third, Plaintiff's interest in maintaining his Fifth Amendment rights far outweighs any prejudice to either himself, Alneshia Polite, or T.A., Jr., due to a delay of the instant proceeding. As all of the Plaintiffs have moved for the stay in this matter, they have averred that their interest is in a stay.

Assessing the fourth factor, the interests and burden to the defendants, Defendants argue that staying this case would cause undue prejudice against them. Defendants claim that the "indeterminate and potentially lengthy timeframe for resolving Mr. Aples' criminal convictions" would result in significant prejudice against them.[23] Defendants argue that if a stay were enacted, they would be forced to re-open discovery and re-depose Plaintiff, thus incurring additional expenses and resulting in further delay of this case' resolution.[24] While the Court acknowledges Defendants' frustration and concern of additional expenses, here, Plaintiff faces a potential prison sentence if convicted in criminal court, a far harsher penalty than any potential additional expenses incurred in this civil proceeding. Additionally, as it stands now, Plaintiff has asserted, and the Magistrate Judge upheld, his Fifth Amendment privilege as to certain discovery requests.[25] Thus, it is likely that

---

[22] *Id.*
[23] R. Doc. 95.
[24] *Id.*
[25] Specifically, Magistrate Judge Douglas sustained Plaintiffs' Fifth Amendment objection to Defendants' Interrogatory 12, which sought Plaintiff's recollection of the alleged masturbation incident on Tulane University's campus on August 23, 2019 (R. Doc. 84).

additional discovery will be required at some point in the future to address these issues. The Court further advises the parties that it does not envision a prolonged or indefinite stay as the criminal proceedings have already been instituted. Indeed, as noted earlier, a pretrial conference in the criminal matter has already been held and the criminal case appears to be moving forward. The Court finds that this factor is neutral

Fifth, while the Court has an interest in swiftly resolving any pending litigation or disputes on its docket, it has an equal interest in ensuring that the rights of its litigants are protected.[26] Here, the Court recognizes the impact of these parallel civil and criminal proceedings on Plaintiff's Fifth Amendment rights.

Finally, courts have held that "considering the public interest, societal needs can best be served through a criminal action and thus the public interest would not be significantly impacted by a stay."[27] The Court is convinced that the public has an interest in the just resolution of the criminal proceedings over the delayed resolution of this matter.

Weighing the six factors to be considered when entering a stay, the Court finds that a stay is necessary in the present case. Regardless of any previous assertion made by the Plaintiffs, both the civil and criminal case arise from the attempted arrest of Plaintiff on September 6, 2019 and involve numerous overlapping factual disputes. Accordingly, the Court finds that a stay is appropriate in the present case.

---

[26] *Gwendolyn Atkins v. Southeast Community Health Systems*, Labor & Empl. L. P 187171 (C.C.H.), No. 11—47—DLD, 2012 WL 12510365, (M.D. La. Feb. 3, 2012).
[27] *See LeBouef v. Global X—Ray*, 2008 WL 239752, at *2 (citing *Shell Offshore Inc. v. Courtney*, No. 05-1956, 2006 WL 1968926 (E.D. La. July 12, 2006)).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Stay is **GRANTED**. The case is hereby stayed and closed for statistical purposes, to be re-opened upon proper motion by the parties following the conclusion of the criminal proceedings that have been instituted against Plaintiff Taivon Aples

New Orleans, Louisiana, November 19, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**